```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X
DOLORES SEDACCA, JOHN R. LEWIS, JR.
and ISRAEL WASSER,

                Plaintiffs,
                                              MEMORANDUM AND ORDER
                                                 12-cv-1921 (DRH) (AKT)
        -against-

EDWARD P. MANGANO, County Executive
of Nassau County and COUNTY OF NASSAU,

                Defendants.

----------------------------------------------------X
```

**APPEARANCES**

**For the Plaintiffs:**
LYNN, GARTNER, DUNNE & COVELLO, LLP
330 Old Country Road
Suite 103
Mineola, NY 11501
By:    Kenneth Lawrence Gartner, Esq.
       John Walter Dunne, Esq.
       Robert P. Lynne, Jr., Esq.

**For the Defendants:**
OFFICE OF THE NASSAU COUNTY ATTORNEY
One West Street
Mineola, NY 11501
By:    Susan M. Tokarski, Esq.


**HURLEY, Senior District Judge**:

On April 19, 2012, plaintiffs Dolores Sedacca ("Sedacca"), John R. Lewis, Jr.

("Lewis"), and Israel Wasser ("Wasser") (collectively "plaintiffs") initiated this action

against County Executive Edward Mangano ("Mangano") and the County of Nassau

(collectively, "defendants"), alleging constitutional violations under 42 U.S.C. § 1983.

1

Presently before the Court are defendants' motion to dismiss plaintiffs' claims for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1), plaintiffs' motion for sanctions pursuant to Rule 11, and plaintiffs' motion for summary judgment pursuant to Rule 56. For the reasons set forth below, the Court grants in part and denies in part defendants' motion to dismiss, and the Court denies plaintiffs' motions for sanctions and for summary judgment.

## BACKGROUND

Unless otherwise noted, the following facts are taken from the Complaint and assumed true for purposes of defendants' motion to dismiss, which the Court will address first. The plaintiffs were all appointed as Commissioners of the Nassau County Assessment Review Commission ("ARC") by County Executive of Nassau County Thomas Suozzi (*See* Defs.' Mem. in Supp. at 3) and confirmed to their positions by resolutions of the Nassau County Legislature on December 24, 2009. Sedacca's term was to expire on June 29, 2012, Wasser's term was to expire on June 29, 2013, and Lewis's term was to expire on June 29, 2014.

On or about January 14, 2010, newly named County Executive Edward P. Mangano sent the plaintiffs letters stating that the plaintiffs were being removed from their positions pursuant to Section 203 of the Nassau County Charter ("§ 203").[1] According to plaintiffs, the reasons given for the removals had nothing to do with the

---

[1] Section 203 of the Nassau County Charter states that "[t]he County Executive may at any time remove any person so appointed provided that in the case of members of boards and commissions appointed for definite terms, no removal shall be made unless the person to be removed has been serv[ed] with a notice of the reasons for such removal and given an opportunity to be heard . . . thereon by the County Executive." *Sedacca v. Mangano*, 18 N.Y.3d 609, 614 (2012).

2

plaintiffs' performance, but rather, Mangano's "desire to name new appointees of his political choice, and thwart what he believed was a political overreach in the exercise of appointive authority by his predecessor" and the prior County Legislature.[2] (Compl. ¶ 25.)

On January 25, 2010, the plaintiffs commenced an Article 78 proceeding[3] in Nassau County Supreme Court seeking a declaration that their removal without cause would be unlawful and seeking to enjoin the defendants from taking such action. The action was commenced by an order to show cause containing a temporary restraining order ("TRO") seeking to keep the plaintiffs in their positions pending the resolution of the proceeding. Although the Supreme Court initially signed the TRO, on February 4, 2010 it lifted the TRO and dismissed the action finding that § 203 allowed the County Executive to remove the plaintiffs without cause. *Sedacca v. Mangano*, 895 N.Y.S.2d 792 (Sup. Ct. 2010). According to plaintiffs, the defendants removed the plaintiffs from office on that same day.

The plaintiffs appealed to the Appellate Division, Second Department, but on November 3, 2010, the Appellate Division affirmed the February 4, 2010 order of the Nassau Supreme Court. *Sedacca v. Mangano*, 78 A.D. 3d 716 (2d Dep't 2010). The New York Court of Appeals, however, granted leave to appeal, and in a February 21,

---

[2] The letter read: "the County Executive is removing you from office as a Commissioner of the Nassau County Assessment Review Commission" and stated that the plaintiffs' appointment in the last weeks of the previous County Executive's outgoing administration "would not only frustrate the mandates of the newly-elected County Executive and County Legislators, but [] would also frustrate the will of the voters." (*See* Pls.' Ex. 3 to Motion for Sanctions.) It also set a date and time for the plaintiff's to be heard if they so desired.

[3] The Court of Appeals referred to the state court action as a "combined declaratory judgment action/CPLR article 78 proceeding." *Sedacca*, 18 N.Y.3d at 614.

2012 *per curiam* opinion, unanimously reversed the Supreme Court's decision and found that "in the absence of cause, the County Executive does not have authority to remove commissioners of the Nassau County Assessment Review Commission prior to the expiration of their statutory terms" and remitted the case to the Supreme Court. *Sedacca*, 18 N.Y.3d at 616. On remand, the Supreme Court granted the plaintiffs' request for an "[o]rder permanently enjoining the County Executive and the County of Nassau from, absent cause, taking any action to effect the removal of [plaintiffs] prior to the expiration of their statutory terms." (Defs.' Ex. L to Opp. to Summ. J., Order of Hon. Roy S. Mahon, April 10, 2012.) By the time the Supreme Court issued this order plaintiffs had already been removed, and Mangano refused to reinstate the plaintiffs, refused to compensate them for the time during which they had been removed from their positions, and refused to provide them with any future pay despite the decision not to reinstate the plaintiffs to their positions.

Plaintiffs now claim that "defendants unjustly deprived the plaintiffs of their constitutional rights [to due process under the Fourteenth Amendment of the United States Constitution] when they unlawfully removed the plaintiffs without cause," and when they "following the February 21, 2012 decision of the Court of Appeals, refused to reinstate or compensate the plaintiffs without cause." (Compl. ¶¶ 39-42.) Plaintiffs claim that pursuant to 42 U.S.C. § 1983 they are entitled to "(i) reinstatement (to the extent that their terms, by the time of adjudication, have any time left on them), (ii) back (or future) pay, (iii) the attorneys [sic] fees and expenses incurred in the state court action, and (iv) punitive damages; together with, pursuant to 42 U.S.C. § 1988 (i) the attorneys [sic] fees incurred in the instant action, and if not awarded as direct

4

compensatory damages pursuant to 42 U.S.C. § 1983, (ii) the attorneys [sic] fees and expenses incurred in the state court action." (Compl. ¶ 38.)

## DISCUSSION

### I.     Standard of Review

A defendant may move to dismiss a suit for lack of subject matter jurisdiction under Rule 12(b)(1) "when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). The plaintiff has the burden to prove subject matter jurisdiction by a preponderance of the evidence. *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005). In reviewing a motion to dismiss under Rule 12(b)(1), the Court must accept all facts in the complaint as true. *Town of Babylon v. Fed. Hous. Fin. Agency*, 699 F.3d 221, 227 (2d Cir. 2012). The court may consider affidavits and other materials beyond the pleadings to resolve the jurisdictional issue. *Makarova*, 201 F.3d at 113.

### II.    Defendants' Motion to Dismiss

#### A.     Qualified Immunity

Defendants argue that all claims against County Executive Mangano should be dismissed because he is entitled to qualified immunity. "Government actors have qualified immunity to § 1983 claims 'insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Bolmer v. Oliveira,* 594 F.3d 134, 141 (2d Cir. 2010) (quoting *Okin v. Vill. of Cornwall–on–Hudson Police Dep't*, 577 F.3d 415, 432 (2d Cir. 2009)). Thus, "[a] qualified immunity defense is established if (a) the defendant's action did not violate clearly established law, or (b) it was objectively reasonable for the defendant to believe

5

that his action did not violate such law." *Salim v. Proulx*, 93 F.3d 86, 89 (2d Cir. 1996) (citations omitted).

"Qualified immunity shields government officials from liability for civil damages as a result of their performance of discretionary functions, and serves to protect government officials from the burdens of costly, but insubstantial, lawsuits." *Lennon v. Miller,* 66 F.3d 416, 420 (2d Cir. 1995). Qualified immunity is an affirmative defense. As such, the burden of proof rests on the defendants asserting the defense to demonstrate that it was objectively reasonable to believe that their conduct did not violate a federal right of plaintiffs. *See Green v. City of New York*, 465 F.3d 65, 83 (2d Cir. 2006). "Though a qualified immunity defense may be advanced on a 12(b)(6) motion, it faces a 'formidable hurdle' when advanced at such an early stage in the proceedings." *Cathedral Church of the Intercessor v. Incorporated Village of Malverne*, 353 F. Supp. 2d 375, 391 (E.D.N.Y. 2005) (citing *McKenna v. Wright*, 386 F.3d 432, 434 (2d Cir. 2004.) Moreover, "plaintiff is entitled to all reasonable inferences from the facts alleged, not only those that support his claim, but also those that defeat the immunity defense." *McKenna*, 386 F.3d at 436.

Defendants argue that all claims against County Executive Mangano are barred because he is entitled to qualified immunity as "[a]t the time the County Executive removed the plaintiffs, it was reasonable [for him] to believe that his actions were lawful pursuant to County Charter § 203" especially since the Supreme Court had "found that the County Executive could remove the Commissioners [without cause] pursuant to County Charter § 203." (Defs.' Mem. in Supp. at 13.) Plaintiffs respond that "[w]hile [the Supreme Court's ruling] might arguably have made the County Executive's initial

6

removal of the plaintiffs 'reasonable' at the time they were removed," it does not excuse defendants' actions after the Court of Appeals reversed the Supreme Court's decision as "[o]nce the Court of Appeals ruled – in February 2012 – the County Executive was constitutionally bound to immediately provide the plaintiffs with back pay, reinstate them, and if they could purportedly not be reinstated due to the appointment of replacement commissioners, provide them with future pay." (Pls.' Mem. in Opp'n at 12-13.)

Here, at the time plaintiffs allege they were removed, i.e., after the order of the Supreme Court stating that defendants could remove plaintiffs without cause, it was objectively reasonable for Mangano to believe that he was not in violation of any law. Defendant Mangano, however, has not met his burden in proving that he is entitled to qualified immunity as to his actions after the Court of Appeals reversed the Supreme Court's order. The defendants' sole argument on that issue is that "[t]here was no legal obligation for the County Executive to grant the plaintiffs reinstatement or back pay" because the Court of Appeals remanded the case to the Supreme Court and the Supreme Court, although it granted the order enjoining the defendants from removing the plaintiffs without cause, did not specifically order that plaintiffs be reinstated. (Defs.' Reply at 9.) Drawing all inferences in the favor of the plaintiffs, however, the Court cannot rule at the motion to dismiss stage that defendant Mangano was not required to take any further action with regard to plaintiffs once it became clear that they could not be removed without cause. Moreover, defendant Mangano has not proven that it was reasonable for him to believe that he was not in violation of any law when he refused to compensate or reinstate plaintiffs after the Court of Appeals decision. Therefore, the Court will not

7

dismiss plaintiffs' claim that Mangano's actions post the Court of Appeals decision violated due process.

### B. Claim Preclusion

#### 1. Plaintiffs' Claims Are Not Precluded

Defendants claim that the plaintiffs' causes of action are "barred by the theory of claim preclusion," which "bars the relitigation of any ground of recovery that was available in the prior action." (Defs.' Mem. in Supp. at 8.) "Under the doctrine of res judicata, or claim preclusion, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *St. Pierre v. Dyer*, 208 F.3d 394, 399 (2d Cir. 2000) (internal quotation marks and citations omitted). "Under New York law, there are four elements to the doctrine of *res judicata*: (1) there must be a final judgment; (2) the judgment must have been 'on the merits'; (3) the parties in the second action must be the same as those in the first; and (4) the claims must be the same in the first and second actions." *Sorano v. Taggert*, 642 F. Supp. 2d 45, 51 (S.D.N.Y. 2009). Moreover, "two claims are considered to be the 'same' if the second claim arises from the same transaction or series of transactions as the first claim – even if the subsequent claim is based upon a different legal theory or seeks a different remedy." *Id*. The Second Circuit has held, however, that "when [a] second action concerns a transaction occurring after the commencement of the prior litigation, claim preclusion generally does not come into play." *Legnani v. Alitalia Linee Aeree Italiane, S.P.A.*, 400 F.3d 139, 141 (2d Cir. 2005) (internal quotation marks and citation omitted) (holding that plaintiff's retaliatory discharge action was not barred given that she was not discharged until after commencing prior lawsuit). "Where the facts that

8

have accumulated after the first action are enough on their own to sustain the second action, the new facts clearly constitute a new 'claim,' and the second action is not barred by *res judicata*." *Storey v. Cello Holdings, L.L.C.*, 347 F.3d 370, 384 (2d. Cir. 2003).

Defendants claim that all of plaintiffs' causes of action should be barred because "the plaintiffs' claims for reinstatement and attorney's fees[4] (for the Art. 78 proceeding) were litigated"[5] and "the ancillary relief of future and back pay could have been sought in the Art. 78 proceeding."[6] ( Defs.' Mem. in Supp. at 8.) Plaintiffs respond that "[t]he plaintiffs brought their Article 78 proceeding before they had ever been removed, and specifically in order to obtain a writ of prohibition preventing that removal," and so "[t]he plaintiffs could not and did not seek to be 'reinstated' to something from which they had not yet been removed, and could not and did not seek either 'back' pay when they were still on the job, or 'future pay' when they hoped to stay on the job." (Pls.' Mem. in Opp'n at 3.)

Regardless of whether the Article 78 court was capable of awarding the relief plaintiffs now request, whether plaintiffs' federal claim is barred depends on whether the

---

[4] Plaintiffs request attorneys' fees from the state court action as "direct compensatory damages pursuant to 42 U.S.C § 1983" as well as attorneys' fees from both the state court action and this action pursuant to 42 U.S.C. § 1988, which allows the Court to award damages to the prevailing party in a § 1983 action. (Compl. ¶ 9.) As both of plaintiffs' theories of recovery hinge upon whether plaintiffs prevail in this action, the Court will address the issue of attorneys' fees upon resolution of the matter.

[5] Defendants' argument that plaintiffs requested reinstatement in the state court action rests on plaintiffs' statement in their brief to the Court of Appeals requesting that the court remand "the case to the court below for purposes of granting appropriate relief, potentially including a back pay award and reinstatement." (Defs.' Reply at 4.)

[6] New York courts have held that an Article 78 court is capable of awarding reinstatement, back pay, and future pay. S*ee e.g., Latino Officers Ass'n v. The City of New York*, 253 F. Supp. 2d 771, 782 (S.D.N.Y. 2003).

plaintiffs have alleged "facts accumulat[ing] after the first action [that] are enough on their own to sustain" this new federal action. *Storey*, 347 F.3d at 384. As discussed above, the plaintiffs allege that once the Court of Appeals ruled that they could not be fired without cause, they were entitled to back pay with either reinstatement or future pay. The defendants' refusal to provide this relief, occurring after the first action was commenced, is the basis of a separately sustainable due process claim. As a result, plaintiffs should not now be precluded from seeking reinstatement, back pay, and future pay. *See Legnani*, 400 F.3d at 141 ("Claims arising subsequent to a prior action need not, and often perhaps could not, have been brought in that prior action; accordingly, they are not barred by *res judicata* regardless of whether they are premised on facts representing a continuance of the same course of conduct.")

### 2. Sanctions

Plaintiffs seek sanctions pursuant to Rule 11(c) because they claim that defendants' claim preclusion argument is frivolous. (Gartner Aff. in Supp. of Mot. for Sanctions ¶ 26.) Rule 11(c) states that "[i]f, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Rule 11(b) mandates, *inter alia*, that a party's "claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument" and that the parties' "factual contentions have evidentiary support." *See* Fed. R. Civ. Proc. 11(b)(2)-(3). Rule 11 places an "affirmative duty" upon attorneys to make "reasonable inquiry" into the facts and the law. *Gutierrez v. Fox*, 141 F.3d 425, 427 (2d Cir. 1998) (internal quotation marks and citation omitted). " 'The standard for triggering

the award of fees under Rule 11 is objective unreasonableness,' and is not based on the subjective beliefs of the person making the statement." *Storey v. Cello Holdings, LLC*, 347 F.3d 370, 387 (2d Cir. 2003) (quoting *Margo v. Weiss*, 213 F.3d 55, 65 (2d Cir. 2000)).

"Although the imposition of sanctions is within the province of the district court, any such decision should be made with restraint and discretion." *Pannonia Farms, Inc. v. USA Cable*, 426 F.3d 650, 652 (2d Cir. 2005) (internal quotation marks and citation and alteration omitted). "When divining the point at which an argument turns from merely losing, to losing and sanctionable, courts must resolve all doubts in favor of the signer of the pleading." *Dorchester Fin. Secs. v. Banco BRJ, S.A.,* 2010 WL 2483983, at *3 (S.D.N.Y. June 16, 2010) (internal quotation marks and citation and alterations omitted); *see also MacDraw, Inc. v. CIT Grp. Equip. Fin., Inc.*, 73 F.3d 1253, 1259 (2d Cir. 1996) (noting that "Rule 11 sanctions must be imposed with caution").

Although the Court disagrees with defendants' claim preclusion argument, defendants' argument cannot legitimately be labeled frivolous. Indeed, defendants supported their argument with case law and it does not appear that they failed to make reasonable inquiry into the facts. Therefore, plaintiffs' motion for sanctions is denied.

C.  **Punitive Damages**

Defendants argue that the "plaintiffs' claims for punitive damages should be dismissed" because "[p]unitive damages cannot be recovered from a municipal corporation, unless expressly authorized by statute," and that plaintiffs have not pointed to any statute relevant here. (Defs.' Mem. in Supp. at 12.) Defendants also argue that

11

County Executive Mangano, sued in his official capacity, is similarly immune to punitive damages. (*Id*.)

Plaintiffs argue, however, that at this stage, it would be "premature to determine that this could not be one of those 'extreme situations' where punitive damages against municipal parties would be justified." (Pls.' Mem. in Opp'n at 14 (citing *Ciraolo v. City of New York*, 216 F.3d 236 (2d Cir. 2000)).) In *Ciraolo v. City of New York*, the Second Circuit examined the Supreme Court's decision in *City of Newport v. Fact Concerts, Inc.*, 452 U.S. 247 (1981), "which held that, ordinarily, municipalities are immune from punitive damages under § 1983." *Ciraolo*, 216 F.3d at 238. In *Newport*, however, the Court indicated that "in some rare cases, the goal of retribution might be furthered by punitive damages against a municipality" and "[i]in a footnote, the majority mused, '[i]t is perhaps possible to imagine an extreme situation where the taxpayers are directly responsible for perpetrating an outrageous abuse of constitutional rights.' " *Ciraolo*, 216 F.3d at 240 (quoting *Newport*, 452 U.S. at 267 n.29). According to the *Ciraolo* court, "[t]o the extent that footnote 29 creates an exception to *Newport*'s general rule against punitive damages . . . it is not an exception for particularly outrageous abuses . . . but rather an exception for outrageous abuses for which the taxpayers are directly responsible." *Id*. Further, *Ciraolo* reasoned that "[a]lthough it could be argued that, to the extent that they are also voters who play a part in choosing municipal officials, taxpayers are always responsible for municipal policies, such responsibility is clearly too indirect to give rise to liability for punitive damages . . . . Footnote 29 seems, instead, to contemplate a much more immediate connection between the taxpayers' behavior and the unconstitutional municipal policy, perhaps – for example – as close a link as a

referendum in which the taxpayers directly adopted the invalid policy." *Id*. *Ciraolo* found that Footnote 29 did not allow the plaintiff in that case to seek punitive damages where "an unconstitutional policy ha[d] been adopted by municipal officials without any clear endorsement of the policy by the electorate." *Id*. at 241.

The situation here is analogous to *Ciraolo* in that plaintiffs complain of an unconstitutional act of the municipality, namely Nassau County and Count Executive Mangano, but have not alleged any facts nor made any argument that there is an immediate connection between the taxpayers and the defendants' actions. As discussed in *Ciraolo*, the mere fact that the taxpayers may have voted for Mangano is not enough to warrant punitive damages. Therefore the plaintiffs are not entitled to punitive damages based on their claims against Nassau County and County Executive Mangano in his official capacity.

### D. Necessary Party

According to defendants, "[t]he Complaint should be dismissed as the plaintiffs have failed to name the current ARC Commissioners [who filled the unexpired terms of the plaintiffs] as parties to this action." (Defs.' Mem. in Supp. at 6.) According to Federal Rule of Civil Procedure 19(a)(1), "[a] person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined if: (A) in that person's absence, the court cannot accord complete relief among existing parties." Defendants claim that the current ARC Commissioners should be joined because the Court's ruling, presumably as to whether the plaintiffs should be reinstated, could affect the current ARC Commissioners' rights. (Defs.' Mem. in Supp at 7.) As a practical matter, however, the terms of Sedacca and Wasser have already expired and

they cannot be reinstated. Moreover, Lewis's term is set to expire in less than four months on June 29, 2014. To the extent Lewis still seeks reinstatement, plaintiffs should notify the Court within 15 days of this Order. At that time, if necessary, the Court will consider defendants' Rule 19 argument.

**II.**     *Plaintiffs' Motion for Summary Judgment*

Plaintiffs do not attach "a separate initial memorandum of law" to their moving papers in violation of this Court's Individual Rule 3.D.[7] As a result, plaintiffs' motion for summary judgment is denied without prejudice.

### *CONCLUSION*

For the foregoing reasons, defendants' motion to dismiss plaintiffs' claims is granted in part and denied in part. In addition, plaintiffs' motions for sanctions and for summary judgment are denied.

**SO ORDERED.**

Dated: Central Islip, New York
           April 9, 2014

/s/
Denis R. Hurley
United States District Judge

---

[7] Plaintiffs also failed to include with their motion a "short and concise statement, in numbered paragraphs, of the material facts as to which [they] contend[] there is no genuine issue to be tried" in accordance with Local Rule 56.1.