EDWARD P. MANGANO  
County Executive

CARNELL T. FOSKEY  
County Attorney



COUNTY OF NASSAU  
OFFICE OF THE COUNTY ATTORNEY  
One West Street  
Mineola, New York 11501-4820  
516-571-3056  
FAX: 516-571-6604  
dtauster@nassaucountyuy.gov

May 21, 2014

VIA ECF  
Magistrate Judge A. Kathleen Tomlinson  
United States District Court  
Eastern District of New York  
100 Federal Plaza  
Central Islip, NY 11722-9014

    RE:    *Sedacca, et al. v. Mangano, et al.*, Docket No. 12-cv-1291 (DRH) (AKT)

Dear Magistrate Tomlinson,

    I am a Deputy County Attorney in the Office of the Nassau County Attorney, attorneys for Defendants in the above-referenced action. This letter motion is submitted pursuant to Rule 26(c) of the Federal Rules of Civil Procedure to request that Your Honor enter a protective order quashing any future subpoena which may be served by Plaintiffs seeking to depose Defendant County Executive Edward P. Mangano. While no such subpoena has been received as of yet, at the discovery conference on April 29, 2014, Plaintiffs' attorney indicated that he/she wished to depose the County Executive, at which point Your Honor granted the undersigned until May 21, 2014, to file and serve the within letter motion. It is respectfully submitted that, because the deposition is unlikely to lead to relevant information that cannot be obtained from any other source and would be unduly burdensome to the County Executive's governmental duties, the within motion for a protective order should be granted and Plaintiffs should be barred from taking the deposition of County Executive Mangano and from subpoenaing him. Alternately, it is requested that the scope and duration of any deposition be severely limited.

    In *Lederman v. New York City Dept. of Parks and Recreation*, 731 F.3d 199, 203 (2d Cir. 2013), the Second Circuit held that "to depose a high-ranking government official, a party must demonstrate exceptional circumstances justifying the deposition – for example, that the official has unique first-hand knowledge related to the litigated claims or that the necessary information cannot be obtained through other, less burdensome or intrusive means." While the Court did not set forth a precise test to determine whether an official should be subject to a deposition, the District Courts within the State of New York have consistently applied the test set forth in

*Marisol A. v Giuliani*, 95 CIV. 10533 (RJW), 1998 WL 132810 (S.D.N.Y. Mar. 23, 1998). In *Marisol A.*, the Southern District of New York held that "[d]epositions of high level government officials are permitted upon a showing that: (1) the deposition is necessary in order to obtain relevant information that cannot be obtained from any other source and (2) the deposition would not significantly interfere with the ability of the official to perform his governmental duties." *Id.* As Your Honor has previously noted, with respect to the first prong of the test, "the deposition must be necessary in order to obtain relevant information that cannot be obtained from any other source." *Ebbert v Nassau County*, CV 05-5445 FB AKT, 2007 WL 674725 (E.D.N.Y. Mar. 5, 2007). As such, as the Southern District noted in *Marisol A.*, "[i]f the information is available through alternative sources, courts discourage the deposing of high officials."

In the instant proceeding, a deposition of County Executive Mangano is unnecessary because any relevant information which may be obtainable in such a deposition is readily available, namely by reference to Defendants' prior submissions in this action. As a threshold matter, Judge Hurley's order, dated April 9, 2014, held that County Executive Mangano is, at a minimum, entitled to qualified immunity with respect to the decision not to reinstate Plaintiffs to their positions as Commissioners on the Assessment Review Commission ("ARC") prior to the decision of the New York Court of Appeals, dated February 21, 2012. Notably, while the Court of Appeals held that the County Executive did not have the authority to terminate ARC Commissioners without cause, it did *not* order Plaintiffs reinstated, and instead remanded the matter to Nassau County Supreme Court for a further order consistent with its decision. On remand, Supreme Court similarly did not order that Plaintiffs be reinstated or compensated. As such there has yet to be any judicial order or other determination directing the County Executive to terminate the currently serving ARC Commissioners and reinstate Plaintiffs.

The lack of a judicial order requiring reinstatement was particularly important in light of the Court of Appeals' decision. As the Court of Appeals has determined that the County Executive no longer possesses the ability to remove ARC Commissioners without cause, he naturally does not possess the authority to terminate the Commissioners who replaced Plaintiffs absent cause or some other legal directive. Indeed, this case now effectively turns on the purely legal question of whether it was reasonable for the County Executive to believe that he was not in violation of any law when he refused to compensate or reinstate plaintiffs after the Court of Appeals decision. That said, to the extent that Your Honor requires certainty with respect to the fact that the County Executive's decision not to reinstate Plaintiffs was based on a lack of legal direction, the County Executive would be willing to answer a reasonable and limited number of interrogatories regarding the period following the decision of the Court of Appeals. In light of this concession it is clear that a deposition of the County Executive is unnecessary, and as such a prospective protective order should be granted quashing any future subpoena for a deposition.

In the event that Your Honor disagrees with the above analysis, and concludes that a deposition of the County Executive is necessary in order to obtain relevant information that cannot be obtained from any other source, the County still seeks relief in light of the second prong of the *Marisol A.* test. It is respectfully submitted that an open ended deposition of the County Executive will significantly interfere with his ability to perform his governmental duties,

2

and that Your Honor must therefore constrain the duration and scope of the deposition.

"High-ranking government officials are generally shielded from depositions because they have greater duties and time constraints than other witnesses." *Lederman,* 731 F.3d at 203. As the Southern District noted in *Marisol A.,* "[i]n weighing the concerns of those seeking depositions of government officials, courts must place 'reasonable limits' so as to conserve the time and energies of public officials and prevent the disruption of the primary functions of the government." Consistent with this rationale, in *Gibson v Carmody,* 89 CIV. 5358 (LMM), 1991 WL 161087 (S.D.N.Y. Aug. 14, 1991), the Southern District limited the deposition of a former Police Commissioner to two hours, and required the deposition to occur at a time and location convenient to the said Commissioner. *See also Pisani v Westchester County Health Care Corp.,* 05 CIV.7113 (WCC), 2007 WL 107747 (S.D.N.Y. Jan. 16, 2007) (allowing deposition of hospital official based on plaintiff's representations with respect to limited time and scope).

In the within proceeding, the scope of the County's liability has already been severely constrained by Judge Hurley's order such that the sole line of relevant inquiry for any deposition is why the County Executive did not reinstate Plaintiffs after the decision by the Court of Appeals. As such, it is respectfully submitted that, if Plaintiffs are permitted to depose County Executive Mangano, the deposition should be limited to questions which directly relate to this inquiry. Moreover, given the narrow scope of this inquiry, the deposition should be limited to no more than one hour and thirty minutes, and should be conducted in a location selected by the County Executive. These restrictions are clearly necessary to ensure to prevent the disruption of the County Executive's governmental functions, and serve to ensure that Plaintiffs may obtain relevant and necessary information without being permitted to engage in any broad-based inquiries which touch on matters for which the County Executive has already been found immune from liability.

Ultimately, the sole relevant purpose of deposing County Executive Mangano will be to determine the basis for his decision not to reinstate Plaintiffs, and this information is clearly set forth in this letter. Moreover, to the extent that additional information is necessary, the County Executive is willing to submit to a limited number of interrogatories on the subject. As such, the within request for a protective order quashing any future request to depose the County Executive should be granted. If, however, Your Honor feels such a deposition is warranted, Defendants alternately request that a protective order be granted incorporating the limitations suggested herein with respect to time and scope of any such deposition.

Respectfully submitted,

David A. Tauster<br>
Deputy County Attorney

cc: Kenneth L. Gartner, Esq., Lynn, Gartner, Dunne & Covello, LLP
*Attorneys for Plaintiffs* (via ECF and First Class Mail)